UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| AMANDA CROSBY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| SHERIFF TOMMY J. GREGORY IN HIS | § | |
| INDIVIDUAL AND OFFICIAL | § | |
| CAPACITY AS SHERIFF OF CAMDEN | § | |
| COUNTY, AND THE CAMDEN | § | |
| COUNTY SHERIFF'S DEPARTMENT | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Comes now AMANDA CROSBY, Plaintiff, and respectfully shows the Court as follows:

## JURISDICTION

### 1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, and §1343 in that a federal question is involved concerning Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq. (hereinafter "Title VII"), the Pregnancy Discrimination Act, 42 U.S.C. §2000 e(k) (f) (3) (hereinafter "PDA"), and the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq.  Plaintiff seeks a remedy for gender and/or pregnancy discrimination, and for retaliation under the Pregnancy Discrimination Act and the Family Medical Leave Act. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

1

## VENUE

### 2.

Venue is properly laid in this Court in that Plaintiff is a resident of Kingsland, Camden County, Georgia, and the incidents complained of occurred in this judicial district and division, and the Defendant conducts business in this judicial district and division.

## PARTIES

### 3.

Plaintiff Amanda Crosby is a citizen of the United States and a resident of Camden County, Georgia.   Prior to her termination, Plaintiff was employed as Sergeant/Supervisor over Courthouse Security for Camden County.   Plaintiff was employed by the Camden County Sheriff's Department for over eleven (11) years.

### 4.

Defendants are Sheriff Tommy J. Gregory, in his official capacity as the Sheriff of Camden County, and the Sheriff's Department of Camden County, Georgia.  Sheriff Gregory may be served by serving him at his official address, which is as follows:

> Camden County Sheriff's Office
> 209 East 4th Street
> Woodbine, GA  31569

### 5.

At all relevant times, Plaintiff was under the direct supervision of Sheriff Tommy J. Gregory, who is currently serving as Sheriff of Camden County, Georgia

### 6.

At all relevant times, Plaintiff was employed as Sergeant/Supervisor over Courthouse Security for Camden County.

2

7.

Plaintiff has been employed by the Camden County Sheriff's Department for over eleven years.

8.

At all relevant times, Plaintiff was an employee of the Camden County Sheriff's Department within the meaning of the Pregnancy Discrimination Act and Title VII. Plaintiff is a female and is thereby a member of a class protected by 42 U.S.C.A. §1981.

## CAUSE OF ACTION

9.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §331, and §1343 and 42 U.S.C. §2000 (e)5 (f) (3), in that this is an action to recover damages for violation of an act of Congress providing for equal rights of citizens.

10.

Defendant Camden County Sheriff's Department employs fifteen (15) or more employees and is an employer within the meaning of §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 e, et seq.

11.

This is an action for pregnancy discrimination pursuant to §703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., and the Pregnancy Discrimination Act (Public Law 95-555, 02 stat.2076), and for retaliation under the Family Medical Leave Act, 29 U.S.C. § 1601.

3

**12.**

Plaintiff filed a charge of pregnancy discrimination with the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty (180) days of the occurrence of the acts of which she complains.

**13.**

On or after May 16, 2012, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission. A true and correct copy of this Notice of Right to Sue is attached hereto as Exhibit "A". This civil action is instituted in the appropriate federal district court within ninety (90) days of the receipt of said notice.

**14.**

All pre-conditions necessary for filing this action have been met.

## COUNT ONE

## PREGNANCY DISCRIMINATION

**15.**

On January 5, 2009, Plaintiff began working as a Sergeant/Supervisor of Courthouse Security for the Defendants in the Camden County Sheriff's Office located in Woodbine Camden County, Georgia.

**16.**

In 2010, Plaintiff became pregnant and notified her employer of her pregnancy soon thereafter.

**17.**

Plaintiff took twelve (12) weeks of maternity leave, as allowed by Defendants' policies and procedures and by the Family Medical Leave Act.

4

**18.**

Plaintiff returned to her job as Sergeant/Supervisor of Courthouse Security in February, 2011.

**19.**

On March 10, 2011, approximately three weeks after the day that she returned from maternity leave, Sheriff Tommy J. Gregory informed her that her employment with Defendants was terminated, effective immediately.

**20.**

On or about March 10, 2011, Plaintiff's employment with Defendants was terminated because of her pregnancy, and because she took leave pursuant to the FMLA.

**21.**

Defendants replaced Plaintiff with a different employee who was not pregnant.

## COUNT TWO

## RETALIATION UNDER THE PDA

**22.**

Defendant retaliated against Plaintiff after she filed her Charge with the Equal Employment Opportunity Commission by withholding her certification as a Corrections Officer.

**23.**

This caused Plaintiff to be ineligible for employment in the field in which she had been working for over eleven (11) years.

24.

Defendant was fully aware that by withholding Plaintiff's certification, he was preventing her from being able to secure employment in Corrections and Law Enforcement.

## COUNT THREE

## RETALIATION UNDER THE FMLA

25.

Plaintiff realleges the foregoing paragraphs and incorporates them as if re-stated herein.

26.

Plaintiff took the leave she was entitled to take under the FMLA for the birth of her child.

27.

Defendant terminated Plaintiff from her employment because she took leave pursuant to the FMLA.

28.

Defendant engaged in the discriminatory practices set forth above with knowledge of the FMLA with reckless indifference to the federally-protected rights of Plaintiff.

29.

Plaintiff is entitled to all damages and remedies allowed under the FMLA, including reinstatement, past and future lost wages, employment benefits, liquidated damages in the amount of the foregoing, plus any actual monetary losses sustained by Plaintiff as a direct result of the violation, plus interest, a reasonable attorney's fee, reasonable expert witnesses' fees, and other costs of the action.

**30.**

Accordingly, Plaintiff is entitled to reinstatement and damages.

## COUNT FOUR

## EQUITABLE RELIEF

**31.**

Plaintiff realleges the foregoing paragraphs and incorporates them as if re-stated herein.

**32.**

Plaintiff will suffer irreparable harm, having no adequate remedy at law, unless equity intervenes to: 1) restrain and enjoin Defendant from interfering with Plaintiff's rights in employment; 2) restrain and enjoin Defendant from discriminating against her; and 3) require Defendant to cause Plaintiff to be restored to her rightful position, or, in the alternative, restore all of Plaintiff's lost wages and benefits of employment.

## DAMAGES

**33.**

Defendant's actions directly and proximately caused Plaintiff to lose wages, medical insurance and all other benefits provided through her employment.

**34.**

Plaintiff has been unable to obtain employment since she was wrongfully terminated by Defendant.

**35.**

Plaintiff has been unable to obtain employment since the time that she was wrongfully terminated by Defendant because Defendant has intentionally withheld her law

enforcement certification.

WHEREFORE, Plaintiff prays:

A.    Pursuant to the FIRST AND SECOND CAUSE OF ACTION;

    1)    That the Court impanel a jury to hear her cause;

    2)    the Court find and declare that Plaintiff has suffered from acts of pregnancy discrimination and retaliation at the hands of Defendants, or their agents, servants, and employees;

    3)    That the Court order that Plaintiff be reinstated as of March 10, 2011 to the position of Sergeant/Security Supervisor over Courthouse Security;

    4)    That Plaintiff be reinstated with any promotion she would have received had she not been wrongfully terminated;

    5)    That Plaintiff be awarded the back pay she would have earned together with interest and related monetary and other benefits Plaintiff would have received had she not been wrongfully terminated on March 10, 2011;

    6)    In the alternative, if reinstatement is not feasible, Plaintiff seeks front pay and benefits;

    7)    That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein;

    8)    That Defendant pay Plaintiff's costs of this suit, together with reasonable attorney's fees and litigation costs, and

9)  That sick pay and vacation pay which she was wrongfully denied, plus interest on such same sum as the jury deems proper;

10)  That Plaintiff be awarded all appropriate and allowable damages against Defendant warranted by the evidence to be shown at trial;

B.  Pursuant to Plaintiff's THIRD CAUSE OF ACTION:

11)  That Plaintiff be awarded all appropriate and allowable damages under the FMLA, including liquidated damages on any wages, salary, employment benefits or other compensation denied or lost to Plaintiff by reason of violation of the FMLA, plus interest calculated at the prevailing rate;

12)  That Plaintiff be awarded an additional amount as liquidated damages equal to the sum of the amount set forth above, and to be proven at trial;

13)  That Plaintiff be awarded fees and costs;

14)  That Plaintiff be awarded a reasonable attorney's fee;

15)  That Plaintiff be awarded reasonable expert witness fees;

16)  All other costs of this action and amounts which the Court deems proper and just;

17)  Any other equitable relief to which Plaintiff may be entitled.

C.  Pursuant to Plaintiff's FOURTH CLAIM FOR RELIEF:

18)  That this Court reinstate Plaintiff to her previous position.

This 9th day of August, 2012.

9

Respectfully submitted,


s/Rita C. Spalding
Rita C. Spalding
Attorney for Plaintiff
Georgia Bar No. 108640

1522 Richmond Street
Brunswick, GA 31520
912-261-8686 *Telephone*
912-261-8689 *Facsimile*

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Amanda G. Crosby
   205 Old Pond Drive, West
   Kingsland, GA 31548

From: **Atlanta District Office**
      **100 Alabama Street, S.W.**
      **Suite 4R30**
      **Atlanta, GA 30303**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| **415-2011-00649** | **Trey Pyle,** **Federal Investigator** | **(404) 562-6831** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**MAY 1 4 2012**

Enclosures(s)

Bernice Williams-Kimbrough,
District Director

*(Date Mailed)*

cc:   **Charles Dorminy, LL.M.**
      **HALL BOOTH SMITH & SLOVER, P.C.**
      **3528 Daurien Highway, Suite 300**
      **Brunswick, GA 31525**



EXHIBIT
*"A"*

STATE OF GEORGIA

COUNTY OF GLYNN

## <u>VERIFICATION</u>

PERSONALLY appeared before the undersigned attesting official duly authorized to administer oaths, **AMANDA CROSBY** duly sworn deposes and states on oath that the facts, contained in the foregoing COMPLAINT are true and correct to the best of her knowledge, information and belief.

AMANDA CROSBY
Plaintiff

Sworn to and subscribed before me,
this the __9th__ day of July, 2012

Notary Public
Commission Expires: _12/30/2012_